# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH BRAY,
:
    Petitioner,                              Case No. 3:12-cv-303

:                 District Judge Timothy S. Black
   -vs-                                Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

      Petitioner Micah Bray brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Common Pleas Court on counts of possessing a weapon under disability, illegal possession of a firearm in a liquor permit premises, carrying a concealed weapon, and tampering with evidence. Bray pled guilty to having weapons under disability, was convicted by a jury on the remaining counts, and sentenced to fourteen years imprisonment. The jury acquitted Bray on charges of murder, attempted murder, and felonious assault.

      The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

Petitioner pleads the following grounds for relief:

**Ground One:** Insufficient evidence – 5th and 14th Amendments

**Supporting Facts**: None of the Statutory Requirements for Tampering with Evidence were proven, much less proven beyond a reasonable doubt. No evidence was adduced that the Petitioner had in his possession or disposed of the gun after the altercation, which violates Due Process under the 5th and 14th Amendments of the U.S. Constitution.

**Ground Two:** Allied offenses punished by maximum consecutive sentences violating 5th Amendment Double Jeopardy and Due Process Clauses.

**Supporting facts**: The imposition, as in this case, of Maximum Consecutive Sentences for the violation of multiple Statutes, by a single action violates the Double Jeopardy Clause of the 5th Amendment, and results in a violation of Due Process under the 5th and 14th Amendments.

**Ground Three:** Ineffective Assistance of counsel, 5th, 6th, 14th Amendments.

**Supporting facts:** Counsel gave the Petitioner erroneous legal advice to enter a guilty plea to a charge before Trial that he was not guilty of and would not have entered such a plea had it not been for that advice, violating the 6th Amendment right to Effective Counsel, which violates the 5th and 14th Amendment Fair Trial and Due Process Clauses.

**Ground Four:** Defective indictment 5th and 14th Amendments

**Supporting facts:** The Grand Jury Indictment did not contain the Jury Foreperson's signature in all appropriate places, and as such, did not comport with all Statutory Regulations. This violates Due Process under the 5th and 14th Amendments.

**Ground Five:** When law changes, making action no longer criminal, Petitioner should benefit. 5th and 14th Amendments.

**Supporting facts**: During pendency of Appeal, the law changed concerning Possession of a Firearm in a Liquor Permit Premises,

2923.121, a charge for which this Petitioner received a 3-year sentence, making it legal to possess a firearm in such an establishment. The Court of Appeals would not grant relief, violating the Petitioner's rights under the 5th and 14th Amendments.

**Ground Six**: Erroneous evidentiary rulings in imposition of sentence.

**Supporting facts:** The Court, in imposing maximum consecutive sentences, relied on facts which were found to be false by the Jury, and nonexistent [sic]. The use of these improper enhancement factors violate [sic] Due Process under the 5th and 14th Amendments.

(Amended Petition, Doc. No. 3, PageID 20-26.)

Petitioner was convicted December 22, 2009, and sentenced January 10, 2010. *Id.* ¶¶ 2a, 2b. He appealed to the Clark County Court of Appeals which affirmed the conviction and sentence. *State v. Bray*, 2011-Ohio-4660, 2011 Ohio App. LEXIS 3857 (Ohio App. 2nd Dist. Sept. 16, 2011). The Ohio Supreme Court declined to take jurisdiction over a subsequent appeal. *State v. Bray,* 131 Ohio St. 3d 1539 (2012).

Petitioner advises the Court that all six of his claims are exhausted by having been raised on direct appeal. He further notes that he has not filed any other collateral attacks on the judgment besides the instant Amended Petition.

## Analysis

### Ground One: Insufficient Proof of Tampering with Evidence

In his First Ground for Relief, Mr. Bray asserts he was convicted of tampering with

evidence insufficient proof. This was part of his first assignment of error on direct appeal. The court of appeals decided this claim as follows:

> Bray argues that because no firearm was ever recovered from himself, Lewis, nor Upshaw, his conviction for tampering with evidence is not supported by sufficient evidence. Bray testified that after the shooting, he retrieved two live .38 caliber shells from the area where the struggle occurred. Bray further testified that he could not locate the handgun after it discharged during the struggle, nor did he remove it from the scene. Bray contends that the only evidence of tampering is the absence of the handgun from the scene of the shooting.
>
> R.C. 2921.12(A)(1) describes the offense of tampering with evidence as follows:
>
> "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation ***."
>
> In *State v. Spears*, 178 Ohio App.3d 580, 2008 Ohio 5181, 899 N.E.2d 188, we held that because there was no properly admissible evidence to support the inference that the defendant tampered with evidence by disposing of the gun, his conviction for tampering with evidence was based on insufficient evidence, and therefore, contrary to law. In the instant case, Bray's conviction for tampering with evidence was supported by sufficient evidence, in addition to the mere absence of the handgun from the scene of the shooting. Howard testified that after going outside after he had been shot, he heard two gunshots fired by an individual he believed to be Bray. Richard Howard, another member of the club testified that he encountered Bray outside after the shooting carrying a "balled up shirt" with both hands, the inference being that Bray had wrapped up the handgun in the shirt. Moreover, Bray testified that he removed two live .38 caliber shells from the scene which were in his handgun before the struggle with Lewis began. Accordingly, sufficient evidence was adduced at trial which supported Bray's conviction for tampering with evidence.

*State v. Bray, supra*, ¶¶40-44.

4

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state

> court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

The court of appeals applied the following standard to this claim: "In reviewing a claim of insufficient evidence, the relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Bray, supra* at ¶ 39, *citing State v. Britton*, 181 Ohio App.3d 415 (Ohio App. 2nd Dist. 2009). That is clearly the correct standard to apply under *Jackson v. Virginia*.

Although Bray denied removing the handgun from the scene, he admitted to the jury that he had removed two live rounds of .38 caliber ammunition which had been in his gun prior to his firing it. The ammunition was potential evidence if it matched the round or rounds which hit the victim. Bray admitted removing it from the scene. While he apparently did not admit that his purpose in doing so was to make it unavailable as evidence, it is the rare case in which a defendant admits his criminal purpose; such purposes must almost always be inferred from the circumstances. The fact that Bray eventually admitted removing the ammunition did not make him retroactively not guilty. Although there was evidence which supports the inference that Bray also removed the gun, that was not necessary for conviction of tampering as tampering with the ammunition was sufficient.

The court of appeals' decision was not an objectively unreasonable application of *Jackson v. Virginia*. Ground One should therefore be dismissed with prejudice.

**Ground Two: Double Jeopardy**

In his Second Ground for Relief, Bray contends his receiving maximum consecutive sentences for the violation of multiple statutes by a single act violates the Double Jeopardy Clause. In that court of appeals, he did not plead this claim as a double jeopardy violation, but rather as a violation of Ohio's allied offense statute, Ohio Revised Code § 2941.25. This Court cannot reexamine the state court's decision of state law questions.

As noted in the court of appeals' opinion, however, Ohio Revised Code § 2941.25 was adopted to protect double jeopardy rights and Petitioner's Double Jeopardy claim is preserved by his allied offenses claim in the state courts.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459

U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

Each of the weapons offenses of which Bray was convicted contains at least one element not present in the others. Having a weapon under disability requires proof of having the weapon plus the prior felony conviction or other disabling event. Carrying a concealed weapon requires proof of possession of the weapon, but also that it was concealed. The liquor permit premises charge requires proof of possession of a weapon plus the element of having it inside a liquor permit premises. Since there is a separate require element for each of these offenses, conviction on all three does not violate the Double Jeopardy Clause. While the court of appeals did not directly consider any double jeopardy argument because none was made, its final decision is neither contrary to nor an objectively unreasonable application of *Blockburger* or *Dixon*.

**Ground Three: Ineffective Assistance of Counsel**

In his Third Ground for Relief, Bray claims he received ineffective assistance of trial counsel when his attorney advised him to plead no contest to the weapons under disability claim. The court of appeals considered this is the fifth assignment of error and decided it as follows:

> In his final assignment, Bray argues that he was afforded ineffective assistance when his counsel advised him to plead no contest to the charge of having a weapon while under disability.
>
> "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, * * * . Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.

9

*Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id*. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, Montgomery App. No. 21957, 2008 Ohio 493, ¶ 31.

An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown* (1988), 38 Ohio St.3d 305, 319, 528 N.E.2d 523. The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674. A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. *State v. Smith* (1985), 17 Ohio St.3d 98, 17 Ohio B. 219, 477 N.E.2d 1128. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook* (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.

In the instant case, the crux of Bray's argument regarding his claim for ineffective assistance revolves around the tactical decision made by his counsel prior to trial when he advised Bray to plead no contest to the weapons under disability charge. Tactical decisions and trial strategy cannot form the basis of a claim for ineffective assistance. We note that had Bray allowed the weapon under disability charge to go to trial, the fact of Bray's prior conviction which formed the basis of the disability charge would have been admissible at trial. It is not unreasonable to conclude that Bray's counsel advised him to plead in order to keep the prior conviction from the jury. Bray has failed to establish that he was prejudiced by his counsel's advice. "Reviewing courts must indulge in a strong presumption that counsel's conduct was not improper, and reject post-trial scrutiny of an act or omission that was a matter of trial tactics merely because it failed to avoid a conviction." *State v. Reid*, Montgomery App. No. 23409, 2010 Ohio 1686.

Bray's final assignment of error is overruled.

*State v. Bray, supra.,* ¶¶ 57-61.

The decision to forego a jury trial on a weapons under disability claim which is linked to much more serious charges it not in any way unusual or a questionable tactic. Proving the disability usually means allowing the jury to hear about a prior conviction, perhaps more than one. It is well known that this makes it difficult rhetorically for a defendant to retain with a jury the presumption of innocence to which he is entitled. The court of appeals' decision is not an objectively unreasonable application of *Strickland v. Washington*. The Third Ground for Relief should therefore be dismissed with prejudice.

**Fourth Ground for Relief: Defective Indictment**

In his Fourth Ground for Relief, Bray asserts his indictment was not signed in all the appropriate places by the grand jury foreperson in violation of Ohio statutory requirements. The court of appeals expressly found that the indictment was signed as required under Ohio law and this Court cannot reexamine that decision, which is purely a matter of state law. Petitioner's Fourth Ground for Relief does not state claim cognizable in habeas corpus because the United States Constitution does not require indictment by a grand jury for prosecution of felony offenses. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975). The Fourth Ground for Relief should therefore be dismissed with prejudice.

**Ground Five:    Change in the Law**

Bray claims that while his case was pending on appeal, Ohio changed the law and began to permit carrying a weapon inside a liquor permit premises. Therefore, he argues, the conduct for which he received a three-year sentence is no longer criminal.

While Bray claims the court of appeals would not grant relief on this basis, his claim for relief on this ground is not reflected in the court of appeals' opinion. The most recent amendment to Ohio Revised Code § 2923.121 became effective September 30, 2011. So far as the Court can tell from examining the statute, it did not make legal any conduct for which Petitioner was convicted. But even if it had, state legislatures are not constitutionally required to give repealing statutes retroactive effect so as to require the release from prison those person whose behavior was criminal when it was committed.

The Fifth Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Six:    Erroneous Evidentiary Rulings in Sentencing**

In his Sixth Ground for Relief, Petitioner asserts the trial court made findings of fact contrary to what the jury had decided. The Petition does not state what facts the trial judge found that were somehow contrary to the jury's findings. Typically, juries do not make findings of fact unless specifically required to do so. Here the jury returned general verdicts of not guilty of murder, attempted murder, and felonious assault, apparently accepting Bray's defense of self-defense.

The court of appeals dealt with this claim in part of its decision of the second assignment of error. It held that the trial judge was not required to make any explicit findings of fact in imposing

sentence after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006). It expressly found that all of the sentences imposed on Bray were within the statutory maxima for the offenses of which he was convicted and that, given his extensive prior criminal record, the sentence was not an abuse of discretion. The United States Constitution does not require any explicit findings before imposing maximum or consecutive sentences. See *Oregon v. Ice*, 555 U.S. 160 (2009). Petitioner's Sixth Ground for Relief is without merit and should therefore be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petitioner herein be dismissed with prejudice. Because reasonable jurists would not disagree, the Court should deny Petitioner a certificate of appealability and should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 28, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).