# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH BRAY,

    Petitioner,

        -vs-

WARDEN, Lebanon Correctional
  Institution,

    Respondent.

:

:

:

Case No. 3:12-cv-303

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## DECISION AND ORDER GRANTING EXTENSION OF TIME AND PROVIDING CLARIFICATION

This case is before the Court on Petitioner Micah Bray's Motion (Doc. No. 6) for Extension of Time to file objections to the pending Report and Recommendations (Doc. No. 4). The Motion is GRANTED and Petitioner's time to file objections is extended to and including December 11, 2012.

Petitioner also questions whether a report and recommendations is procedurally proper under Habeas Rule 4 without any return of writ or traverse having been filed. Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Amended Petition[1] in this case advises the Court of where and when Petitioner was convicted, the offenses of conviction, and much of the procedural history after conviction, including the appellate courts which considered the case. It also includes Petitioner's grounds for relief and a section indicating how the Amended Petition has been timely filed, i.e., why it is not barred by the statute of limitations. Petitioner pleads that all of his Grounds for Relief were raised on direct appeal and he has not filed any other collateral attacks on the judgment besides his Petition.

It is now the case in Ohio that virtually all opinions by the courts of appeals and all the decisions of the Ohio Supreme Court are available to the public in multiple places on the Internet. As indicated by the citation at page 3 of the Report, the opinion of the Second District Court of Appeals in Mr. Bray's case is available both on the website of the Ohio Supreme Court under the citation 2011-Ohio-4660 and in the Ohio Appellate database maintained by Lexis-Nexis under the citation 2011 Ohio App. LEXIS 3857. It may well be maintained in other online databases as well, including probably that maintained by Westlaw. It is appropriate for a judge to take judicial notice of public records. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

As noted in the Report (Doc. No. 4, PageID 35), when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to

---

1 Petitioner asserts that he has not filed an Amended Petition. The only difference between the initial Petition (Doc. No. 1) and the Amended Petition (Doc. No. 3) is that the Amended Petition has been signed by Mr. Bray as he was ordered to do (Order, Doc. No. 2). The Petition with the signature was docketed as "Amended Petition" for ease of distinguishing it from the original.

the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  In a case such as this when a petitioner asserts his claims have been decided on the merits by the state courts and the decision of those courts are readily available to the habeas court, there is no need to obtain them by ordering the State to file an answer.   The Court can readily determine whether the state court decision is entitled to deference under 28 U.S.C. § 2254(d)(1).  That is what has happened in this case.

One usual function of an answer is for the State to raise affirmative defenses such as the bar of the statute of limitations, lack of exhaustion, or procedural default.  In any habeas case where such defenses are raised in the answer, the petitioner appropriately has an opportunity to respond in the reply or traverse.  But where no affirmative defenses have been raised, there is no occasion for a traverse.

Rule 4 was cited because it provides the first step in consideration of a habeas petition on the merits.   Mr. Bray complains that, instead of dismissing the Petition, the Magistrate Judge gave a detailed merit analysis, which, he suggests "would not be required if it 'plainly' appeared that relief was not available."  ((Motion, Doc. No. 6, PageID 46.)  However, a Magistrate Judge cannot exercise the authority in Rule 4 to dismiss a petition himself or herself.   Instead, he or she must make a recommendation to the assigned District Judge who alone has authority under Article III of the Constitution to enter a final judgment dismissing the Petition.  Even if a result is plainly

required, it may take an explanation of some length to show that. Certainly Petitioner is not prejudiced by receiving a full explanation because that enables him to be thorough in his objections.

Upon reconsideration based on the Motion, the Court finds again that this is an appropriate case for adjudication under Habeas Rule 4.

October 12, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge