# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH BRAY,
:
    Petitioner,                                        Case No. 3:12-cv-303

:              District Judge Timothy S. Black
  -vs-                                             Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 14) to the Magistrate Judge's Report and Recommendations on Motion for Relief from Judgment (Doc. No. 11). Judge Black has vacated his adoption of that Report and recommitted the case for further consideration in light of the Objections (Doc. No. 15).

Bray continues to object to disposition of this case under Rule 4 of the Rules Governing § 2254 Cases, essentially on the ground that the Magistrate Judge has thereby become an advocate for the State of Ohio. The Magistrate Judge has already provided a response to this argument and further analysis is not warranted.

### Ground One: Insufficient Proof of Tampering with Evidence

In his First Ground for Relief, Bray claims he was convicted on insufficient evidence of

1

the crime of tampering with evidence of a crime, in violation of the Due Process Clause of the Fourteenth Amendment. His claim on direct appeal was that he could not be convicted on the sole basis that the gun had disappeared from the scene. The court of appeals relied on other facts as well: a victim eyewitness testified Bray shot him in the parking lot, Bray admitted he took from the scene two live .38 caliber bullets which had been in the gun before the struggle began, and Bray was seen in the parking lot carrying a balled-up shirt in both hands. The court of appeals, applying the correct constitutional standard under *Jackson v. Virginia*, 443 U.S. 307 (1979), found this evidence was sufficient. Applying the double deference required under AEDPA, the Magistrate Judge concluded this was not an objectively unreasonable application of *Jackson.*

Bray now calls the jury and court of appeals' conclusion "pure speculation, in the absence of physical proof or eyewitness testimony." (Objections, Doc. No. 14, PageID 90.) The Magistrate Judge disagrees, concluding that removal of the gun by Bray is a reasonable inference from the facts proved either by his admission or direct or circumstantial evidence.

Bray complains that the Magistrate Judge found that the admitted removal of the bullets was sufficient for conviction when he says the Indictment charged him with removing the gun. Not so. Count Nine of the Indictment reads as follows:

> That Micah L. Bray, on or about May 30th 2009, in Clark County, Ohio, knowing that an official proceeding or investigation was in progress, or was about to be or likely to be instituted, did alter, destroy, conceal, or remove any thing with purpose to impair its value or availability as evidence in such proceeding or investigation in violation of Ohio Revised Code section 2921.12(A)(1).

That language would include both the bullets and the gun.

**Ground Two: Double Jeopardy**

In his Second Ground for Relief, Bray claims the State of Ohio violated his rights under the Double Jeopardy Clause by punishing him separately for entering a liquor establishment with a firearm and having that same firearm at the same time while under a disability. Initially, the Magistrate Judge found no violation of the Double Jeopardy Clause because each of these offenses, as defined in the Ohio Revised Code, has an element not included in the other, thus making them separate offenses under *United States v. Dixon*, 509 U.S. 688, 696-97 (1993), *citing Blockburger v. United States*, 284 U.S. 299 (1932).

Bray claims that the governing precedent is instead *North Carolina v. Pearce*, 395 U.S. 711 (1969). *Pearce* is a case about resentencing after a successful appeal and held that time already served before reversal had to be credited on resentencing.

> We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully "credited" in imposing sentence upon a new conviction for the same offense. The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years' imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years' imprisonment. Though not so dramatically evident, the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed.
>
> We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" [Footnote

> omitted.] in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned -- by subtracting them from whatever new sentence is imposed.

395 U.S. at 718-719. Thus the case is not about multiple punishments for different offenses committed on the same occasion, but multiple punishments for the same offense imposed both before and after a successful appeal. Nothing of that sort occurred in this case.

### Ground Three: Ineffective Assistance of Counsel

In his Third Ground for Relief, Bray claims he received ineffective assistance of trial counsel when his attorney advised him to plead no contest to the weapons under disability claim. Previously the Magistrate Judge analyzed this advice as reasonable, given that the jury would have learned of the basis for the disability which would have undermined Bray's credibility with the jury. Bray now objects:

> The untried indictment which forms the basis of the alleged disability is Clinton County Municipal Court Case Number CRA 0600482. The untried charge, which is still pending, is Attempted Trafficking in Marijuana.

(Objections, Doc. No. 14, PageID 92.) Attempted Trafficking in Marijuana is a felony under Ohio law. An indictment for a felony creates a disability for possession of a firearm under Ohio law whether or not there has been a conviction, so by Bray's own admission there were sufficient facts in existence to prove the disability. None of the charges for which he was tried in this case was drug-related, so it seems likely revelation of the marijuana dealing charge to the jury would in fact have undermined his credibility.

4

## Ground Four: Defective Indictment

In his Fourth Ground for Relief, Bray asserts that the indictment was not signed by the foreperson in every place required by Ohio law.  The Ohio court of appeals decided this claim against Bray and the Magistrate Judge concluded that, because there is no federal constitutional right to grand jury indictment which applies to the States, this claim was without merit.

In his original Objections Bray asserted that this violation of the Ohio guarantee of grand jury indictment also violated the Due Process Clause of the Fourteenth Amendment.  The authority he cited, *Erwin v. Warden*, 2010 WL 1257900 (S.D. Ohio Jan. 12, 2010)(Merz, M.J.), is in fact directly to the contrary.  (Report, Doc. No. 11, PageID 80.)

Bray now says he relies on "Supreme Court precedence in *Ponce*, which outlines four separate constitutional violations which occur due to a defective indictment, one of which is Due Process."  (Objections, Doc. No. 14, PageID 93.)  The case in question, *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007), involved a federal, not a state, indictment.  Even with respect to federal indictments, the case made no finding about a due process requirement for signature.

## Ground Five: Change in the Law

In his Fifth Ground for Relief, Bray claims that while his case was pending on appeal, Ohio changed the law and began to permit carrying a weapon inside a liquor permit premises, an offense for which he was convicted and sentenced. The Report concluded that the legislature had

not and was not constitutionally required to make this new law retroactive, so as to require the release of those convicted before the new law was passed (Report, Doc. No. 4, PageID 42).  No further analysis is needed on this claim.

### Ground Six: Erroneous Evidentiary Rulings in Sentencing

In his Sixth Ground for Relief, Petitioner asserts the trial court made findings of fact contrary to what the jury had decided. The Report concluded this claim was without merit because the court of appeals found the sentences imposed were within the limits provided by law for the offenses of conviction.  (Report, Doc. No. 4, PageID 42-43.)   No further analysis is needed on this claim.

### Conclusion

Based on the foregoing analysis, the Magistrate Judge concludes the Court was not in error in its judgment in this case and therefore the Motion for Relief from Judgment should be denied.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

February 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

6

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).